The ceremony of admission to the Bar of this Court, and I invite the two candidates, please. Let's start with Ms. Lee. Would you approach the podium? And I invite Judge Lurie to make the appropriate motion. I am very happy to move the admission of Ms. Emily Lee, who is a member of the Bar and in good standing in the highest courts of California. I have knowledge of her credentials, and I'm satisfied that she possesses the necessary qualifications. Emily has been with me for almost two years. She's very bright, hardworking, and personable. And she's given me insight into some cases that I didn't have my own insight into. And she has an infectious sense of humor that has enlightened chambers. So I move the admission of Emily to the Bar of this Court. Thank you for your motion. The panel will vote on whether to grant the motion. How do you vote, Judge? I'll cast my vote orally. You had the great privilege of clerking for a real giant in this field, and the words that he used to describe you were really amazing. I hope that you'll always take them with you to heart. In light of his endorsement, I vote in favor. And I share the vote. Welcome to the Court. The ceremonies are not over. Let me next invite Ms. Miller to take your place at the podium. I move the admission of Kristen Sullivan Miller, who is a member of the Bar and in good standing in the highest courts of New York. I have knowledge of her credentials, and I'm satisfied that she possesses the necessary qualifications. Kristen is very bright, hardworking, and personable, and is very thorough in difficult cases. And her good fellowship has contributed to the warm chamber's environment, along with Emily and her other colleagues. So I move her admission. Thank you, Judge Lurie. Let us again vote. Judge Moore, how do you vote? I again vote in favor. I repeat basically the same thing I said before. You are so lucky to have clerked for Judge Lurie. He's a tremendous judge, a mentor, and I'm sure that you will take many lessons with you into the practice. As I share that vote, I'm going to join in granting the motion. Would the two of you now face the circuit executive, who will administer the oath. Do you solemnly swear that you will comport yourself as an attorney and counselor of this court, uprightly and according to law, and that you will support the Constitution of the United States of America? I do. Thank you. Congratulations. Welcome to the Bar of the Federal Circuit. Thank you. Welcome to the Bar of this Court, both of you. We will proceed with the arguments scheduled for this morning. The first case, first argued case is number 17, 1854, Brinkley v. O'Rourke. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Hugh Cox. Mr. Cox is an intervener in the appeal below and has taken the appeal from a remand decision to this Court. Mr. Cox believes that the exception that has been set out in this Court's decisions in Williams and Donallan apply to this case, that there are issues, legal issues in this case that will directly affect and govern the remand proceedings, and if reversed by this Court, would render those remand proceedings unnecessary. Well, Mr. Cox has gotten nothing so far, and the case, therefore, is not final. It went back on good cause for dismissal. Except that good cause for dismissal is criteria for the reasonableness of the fee charged. It has nothing to do with the appeal that was taken by Mr. Brinkley to the Board. Mr. Carpenter, with all due respect, that's not at all what was held below. What was held below was that the fee was reasonable by the Board, and the Veterans Court didn't question, as far as I can tell, that determination. But the reasonableness of the fee is quite separate and apart, because that goes to the quantum merit question, quite separate and apart from whether there was good cause to fire him. It may well be that he is entitled to no fee at all. If he is entitled to a fee, I would certainly agree with you that the amount awarded has been deemed reasonable, if he is, in fact, entitled. But what has not been adjudicated by the Board, as found by the Veterans Court, I think quite correctly, is whether he's entitled to any fee at all. Mr. Brinkley alleges that his lawyer was not returning his phone calls, his lawyer refused to request a hearing that he wanted, and that that was why they parted ways, and he terminated the agreement. If that amounts to good and adequate cause under this contract, your client is entitled to nothing. And so that is the question. It seems quite clear from the Board opinion they did, in fact, decide the reasonableness of the amount of the fee. Were he entitled to a fee? But I see no discussion of the predicate question of whether he's entitled to any fee at all. And the question is, Your Honor, is whether or not this Court's decision in Skates, which was made at a time in which the Board had sua sponte jurisdiction to consider those issues, was able to consider the termination based upon discharge. I don't understand your argument at all. Start over, because nothing that you just said made any sense to me. There are two decisions to be made under the statutory scheme. The decision that was made in this case was made as to whether or not his fee complied with the provisions of 5904D. That is, that he was entitled to have the Secretary withhold his fee. That was the decision that was appealed by Mr. Brinkley. Separately, Congress provided under 5904C for review for reasonableness. Those are the only two statutory provisions that apply to fee review. No, there is a contract in this case that applies. And it's perfectly within the province of the Board and the CAVC to decide whether, under the contract that this veteran entered into with his lawyer, whether his lawyer was entitled to any fees at all, given that they had terminated their relationship years before his award actually came. Respectfully, Your Honor, I do not believe that that is correct. The only way that the Board— You don't believe that the lawyer is bound by the contract that he entered into with a client? He's the one who wrote the contract. How is he not bound by this contract? That is a matter, if appropriate, for disposition in a civil proceeding. For the Board to decide. No, Your Honor, not for the Board. The Board only gains jurisdiction if there is a decision by the VA. The only decision by the VA was that he met the requirements of 5904, which Mr. Brinkley contested under 5904D. That contest was appealed to the Board, and the Board affirmed the VA's decision saying that Mr. Cox was entitled to a fee. That doesn't make any sense to me. I don't understand how you think the contract itself should be disregarded and this attorney, who was terminated years before this veteran secured his benefits, shouldn't at least have adjudicated the question of whether he was terminated with good and adequate cause  I just don't even understand your argument today. Well, Your Honor, with respect, the argument is based upon the language of the statute. The jurisdiction of the Board, the jurisdiction of the Veterans Court, is controlled by what Congress said they were limited to decide. The only decision that was made by the VA in this case was under 5904D. There was no decision made about the contract. That's exactly the basis for the need for a remand, according to the CAVC, and I don't see how we have jurisdiction over this non-final decision returning to the very point that Judge Lurie started with. You have jurisdiction because the disposition of this legal question as to whether or not this is a valid remand to a Board to make a decision for which it has no jurisdiction to make. The way that the Board gains its jurisdiction to make a decision vis-a-vis discharge and the reasonableness of the fee, which would include entitlement to no fee whatsoever, is under the provisions of 5904C and 14.636i. Those are the only legal authorities for decisions by the VA. There was no motion requesting review for the fee agreement to determine that question. The regulation expressly provides that there must be such a motion. No such motion was made in this case. No such decision was made by the Office of the General Counsel, and there was no appeal taken from that decision to the Board. The Board's jurisdiction is clearly and unquestionably implicated by decisions of the Secretary. The Secretary made no decision. The Veterans Court impermissibly applied the holding in skates that was made upon a different version of the law that existed at the time in which this appeal was taken that imposed specific requirements upon the veteran to file a motion for review of a fee agreement within 120 days. He did not make that decision. That regulation also provides that the Secretary, through his General Counsel, can make his own motion. No motion was made by the Secretary. As a consequence, without a decision of the Secretary, there can be no jurisdiction given to the Board of Veterans Appeals vis-a-vis a remand from the Veterans Court. There are no other questions? That sums up our argument. Thank you. Let's hear from the other side. Ms. Choi? Ms. Choi, Mr. Carpenter's argument seems to be that the VA and the Board have absolutely no jurisdiction to determine whether it's appropriate to withhold an award attorney's fees pursuant to the contract entered into by the veteran and his attorney. Do you agree? We do not agree, Your Honor. The very terms of the contract state that the VA is going to have some position to monitor and ensure that the provisions of the agreement are met and that the fee is reasonable. In paragraph 7, the discharge provision... Well, I think that Mr. Carpenter, in fairness, would say he agrees the Board has the authority to review whether the fee is reasonable, but he somehow divorces that from the ability to review whether any fee ought to be awarded at all under the terms of the contract. Your Honor, again... I don't follow it either, but try your best. Your Honor, we would disagree with Mr. Carpenter's position. The VA has an opportunity to assess the eligibility, the entitlement, and the reasonableness of the fee. The RO simply looked at the requirements of the statute and did not look at the four corners or all of the provisions in the fee agreement, particularly the discharge provision. The Board did not either. The Veterans Court deemed it proper because there is an obvious discharge provision that states that if the client discharges the attorney without good and adequate cause, that perhaps a quantum merit fee may be appropriate. But that implies that if the client discharges the attorney with good and adequate cause, that he is not entitled to a fee at all, and the VA is not simply going to ignore that provision in the agreement. And the CABC didn't seek to make that determination in the first instance. They rightly sent it back to the fact finder to decide. They rightfully sent it back to the Board to determine or take a look at this issue, and on remand, the Veterans Court stated both the appellant and the intervener may present, and the Board must consider any additional evidence and arguments. So certainly if Mr. Cox has additional information regarding whether or not his discharge was without good cause, he may present those to the Board. But it would be unfair for the veteran to not have an opportunity to present this information or have the Board consider this provision at all. And the Veterans Court found that thus far, neither the RO as the reviewing authority of the Board had addressed this issue. Now in accordance with the strict rule of finality, this Court should also decline to review the Veterans Court's remand order to the Board. Based on prudential considerations, this Court ordinarily will not review remand orders of the Veterans Court because they are not final judgments. Now here is a first matter. Mr. Cox frames the legal issue as the Veterans Court having committed an error of law because the Board has no authority to review the reasonableness of the fee. But if we look at the Veterans Court decision, it did not expressly call on the Board to address the reasonableness of the fee. Rather, it states remand is required for the Board to address whether the appellant had good cause for discharging the intervener, and in that review, determine whether or not the attorney is entitled to a fee to begin with. Thus, contrary to Mr. Cox's assertion, the Veterans Court did not render a clear legal holding concerning whether the Board must undertake or has the authority to undertake a review of the reasonableness of the attorney's fees and merely remanded for examination of this discharge provision, which it found no reviewing authority had taken a look at before. Now, more importantly, perhaps even if the Court construes the Veterans Court's decision as clear and final, and the Board makes a determination regarding the reasonableness of the fee, that decision is effectively reviewable by the Veterans Court and this Court at a later point in time. And thus, in accordance with the strict rule of finality, we would argue that the Court should decline review of this non-final decision and dismiss the appeal. Now, going to Mr. Carpenter's point that Mr. Brinkley was required to file a motion with the Board or with the Secretary before a reasonableness review was undertaken, that's not the case. If you look at the language of the statute, it does not state that the only way a fee agreement may be reviewed for reasonableness is by a motion filed. It states the Secretary may, upon the Secretary's own motion or at the request of the complainant, and this is a 2006 version of Section 5904. It doesn't state that the claimant need to make a motion, and the same goes for the 1996 version of the statute. It states that the Board, upon its own motion or the request of either party, may review such a fee agreement. And here, where we have a situation where Mr. Brinkley has done everything he could to preserve his rights and raise these issues with the RO, he filed a notice of disagreement with the RO decision. He appealed to the Board and he appealed to the Veterans Court, raising all of these issues with respect to his concerns about Mr. Cox's representation. It would be unfair to hold as a technical requirement that because the Board or Mr. Brinkley had not actually filed a motion in accordance with the regulation, that he be barred from having the Court take a look at the discharge provision in the fee agreement. If there are no further questions, we respectfully request the Court to decline review of this non-final decision and dismiss the appeal, or in the event the Court elects to review the merits of Mr. Cox's appeal, we ask the Court to affirm the Veterans Court's remand decision so that the Board can take a look at the discharge provision and assess whether or not there was indeed good cause for discharging Mr. Cox as provided in the party's fee agreement. Any questions? No questions? Thank you. Mr. Garfinder? The government's argument is circular. The government says that the terms of the contract are entitled to be reviewed to determine whether or not they're reasonable. Then the government says that there is no requirement for a motion, but it is the government that wrote the statute. It was Congress that said that fee agreements can be reviewed for a question of whether the fee called for is excessive or unreasonable. Then the Secretary promulgated a regulation at 14.636i, and in that regulation, it explicitly, unambiguously says that a motion must be required for such review before the expiration of 120 days. That 120 days has come and gone. There was no motion by Mr. Brinkley. There was no motion by the VA General Counsel. As a consequence, there was no VA decision on the matter. Without a VA decision on the matter and an appeal of that VA decision by Mr. Brinkley, or if it was adverse to Mr. Cox by Mr. Cox, there is no way to sua sponte create jurisdiction by the board. The version of the law that existed at the time of the Skates decision did, from Congress, give sua sponte authority to the board to review fee agreements for excessiveness or unreasonableness. Under that statutory authority, if this had taken place prior to the amendment of the statute, then the board may have arguably had jurisdiction based upon that authority from Congress. But that authority from Congress was taken away from the board by Congress to be given back to the Secretary, and the Secretary delegated that authority by regulation in 14.636i to his General Counsel. It is the General Counsel who is charged by the Secretary to make a decision. Without a decision, there can be no jurisdiction. So what the board, excuse me, what the court did was unlawful and impermissible. It was ultra-virus. It was in excess of its legal authority. The board, excuse me, the Veterans Court only has authority to review decisions of the board. There was no decision of the board under 5904C or 14.636i. As a consequence, the Veterans Court cannot go beyond the four corners of that decision as a matter of law. Unless there's further questions from the panel. Thank you very much. Thank you. Thank you both. The case is taken under submission.